**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4108**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

JAMES HARRY BARKER,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Thomas E. Johnston, District Judge.  (2:14-cr-00056-1)

_____

Submitted:  July 23, 2015           Decided:  July 27, 2015

_____

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

David O. Schles, THE LAW OFFICE OF DAVID SCHLES, Charleston, West Virginia, for Appellant.  Candace Haley Bunn, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Harry Barker appeals his conviction and 30-month sentence imposed following his guilty plea to conspiracy to distribute heroin, in violation of 21 U.S.C. § 846 (2012). On appeal, Barker's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the court plainly erred in finding Barker competent to plead, and whether the court imposed a procedurally or substantively unreasonable sentence. Barker was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response. For the reasons that follow, we affirm.

Because Barker did not seek to withdraw his guilty plea in the district court, we review the plea hearing for plain error. United States v. Martinez, 277 F.3d 517, 527 (4th Cir. 2002). Under this standard, Barker bears the burden to demonstrate that (1) an error occurred, (2) the error was plain, (3) the error affected his substantial rights, and (4) we should exercise our discretion to note the error. Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013).

It is axiomatic that, "[b]efore a court may accept a guilty plea, it must ensure that the defendant is competent to enter the plea." United States v. Damon, 191 F.3d 561, 564 (4th Cir. 1999).

2

A defendant is competent to plead if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and also "has a rational as well as factual understanding of the proceedings against him." United States v. Moussaoui, 591 F.3d 263, 291 (4th Cir. 2010) (internal quotation marks omitted). "When a response in a plea colloquy raises questions about the defendant's state of mind, the court must broaden its inquiry to satisfy itself that the plea is being made knowingly and voluntarily." United States v. Nicholson, 676 F.3d 376, 382 (4th Cir. 2012) (internal quotation marks omitted). To succeed on his competency challenge, Barker must demonstrate that the district court "ignored facts raising a bona fide doubt regarding his competency," such that the district court abused its discretion in accepting the plea. See Moussaoui, 591 F.3d at 291 (alteration and internal quotation marks omitted).

Here, the court questioned Barker thoroughly regarding factors relevant to his competence, including his age; educational history; current use of medicines, drugs, and alcohol; and history of mental health or substance abuse treatment. Although the plea colloquy revealed that Barker was illiterate and taking prescription medicines, Barker's and his counsel's responses during the colloquy provided no basis to question Barker's ability to understand the proceedings. We therefore find no error, plain or otherwise, in the district court's competency determination.

3

Turning to Barker's sentencing challenge, we review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We first "ensur[e] that the district court committed no significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation of the sentence imposed. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010) (internal quotation marks omitted). If we find no procedural error, we examine the substantive reasonableness of the sentence under "the totality of the circumstances." Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. See 18 U.S.C. § 3553(a). We presume that a within-Guidelines sentence is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). Barker bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

We discern no error in the court's sentence. The court properly calculated the Sentencing Guidelines range, considered the parties' arguments and Barker's request for a variance, and provided a reasoned explanation for the sentence it imposed, grounded in the § 3553(a) factors. Further, Barker fails to rebut

4

the presumption of substantive reasonableness accorded his within-Guidelines sentence.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Barker's conviction and sentence. This court requires that counsel inform Barker, in writing, of the right to petition the Supreme Court of the United States for further review. If Barker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Barker.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>